IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 DEC -4  A 10: 07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DANIEL CASTLEBERRY, | * | |
| PLAINTIFF, | * | |
| | * | CIVIL ACTION NO.: |
| Vs. | * | 2:19-CV-1025 |
| | * | |
| THE LINCOLN NATIONAL LIFE | * | |
| INSURANCE COMPANY, | * | |
| DEFENDANT. | * | |

**COMPLAINT**

COMES NOW Daniel Castleberry, the Plaintiff, by and through his attorney of record, Joel S. Rogers, III, and shows unto this Honorable Court the following facts and conditions:

I.   Parties

1.  The Plaintiff is a former resident citizen of Chilton County, Alabama, at Thorsby, Alabama, who now resides in Talladega, Alabama.

2.  The Defendant, The Lincoln National Life Insurance Company, is a corporation engaged in the business of issuing insurance policies.

II.   Jurisdiction and Venue

3.  Subject Matter Jurisdiction.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132e, which provides for federal jurisdiction of actions brought under Title I of ERISA.

4. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over the Defendant because ERISA provides for nationwide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). The Defendant is either a resident of the United States or subject to service in the United States, and the Court therefore has personal jurisdiction over them. The Court also has personal jurisdiction over them pursuant to Fed.R.Civ.P. 4(k)(1)(A) because they would be subject to a court of general jurisdiction in this District as a result of Defendant Lincoln being headquartered in, transacting business in, and/or having significant contacts with this District.

5. <u>Venue</u>. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because (a) the Plans are administered in this District, (b) some or all of the violations of ERISA took place in this District, and/or (c) Defendant Lincoln may be found in this District.

6. That on or around 2016, the Defendant issued to the Plaintiff's employer, Virginia Transportation, a policy (amended July1, 2016) of group long-term disability insurance, in which Plaintiff is a participant/beneficiary.

7. Said policy of insurance is an employee benefit plan that is regulated by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

8. That this action seeks to recover benefits due to Plaintiff under the terms of said policy and seeks to enforce Plaintiff's rights under the terms of said policy. This action further seeks to clarify Plaintiff's rights as follows:

(a.) Plaintiff's rights as to Defendant's failure to pay Plaintiff at the correct amount due under said policy; and

(b.) Plaintiff's rights to future benefits under the terms of said policy; and

(c.) Plaintiff has been awarded Social Security Disability benefits and Defendant has requested that Plaintiff re-pay the Defendant a sum from the long-term disability benefits previously paid by Defendant to the Plaintiff. The proper amount, if any, needs to be determined.

(d.) As to any other benefit that Plaintiff is due pursuant to the policy or relevant law.

9. That on or about July 30, 2016, Plaintiff became disabled, had cervical fusion surgery in August, 2016, and filed a claim for benefits under this policy. Defendant paid approximately two (2) years of benefits and then denied other and future benefits.

10. Defendant wrongfully denied continued benefits to the Plaintiff pursuant to the policy and relevant law. Plaintiff has exhausted all administrative appeals and remedies under the policy.

11. Plaintiff continues to be eligible for past, present and future benefits under said policy and the Defendant has wrongfully denied Plaintiff's claim for the same.

Wherefore, Plaintiff prays for the following relief:

(1.) For a judgment to determine the correct amount that Plaintiff should have received under the policy to this date, and the proper rate of pay; and

(2.) For a judgment against the Defendant for all amounts due to the Plaintiff in the past and in the future; and

(3.) For an award of all attorney's fees, and costs, pursuant to 291 U.S.C. § 1132(g); and

(4.) For such other, further, or different relief as may be just and proper.

                                                    _____
                                                    **Daniel Castleberry**
                                                    Plaintiff

_____
Joel S. Rogers, III
Attorney for Plaintiff
P.O. Box 1580
Clanton, Alabama 35046
Telephone: (205) 755-7880
Facsimile: (205) 755-7881

<u>AFFIDAVIT</u>

STATE OF ALABAMA
CHILTON COUNTY

       Before me, the undersigned authority, A Notary Public in and for said State and County, personally appeared **Daniel Castleberry,** who being known to me and after being dully sworn, deposes and says that he has read the foregoing Complaint, that it was prepared at his direction and the averments and facts stated therein are true and correct to the best of his knowledge, information and belief.

                                                    _____
                                                    **Daniel Castleberry**
                                                    Plaintiff

       SWORN TO AND SUBSCRIBED before me this the 2 day of December, 2019.

                                                    _____
                                                    Notary Public
                                                    My Commission Expires: 10/31/23