IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL CASTLEBERRY,          )
                             )
          Plaintiff,         )
                             )
     v.                      )     CASE NO.  2:19-CV-1025-WKW
                             )               [WO]
THE LINCOLN NATIONAL         )
LIFE INSURANCE COMPANY,      )
                             )
          Defendant.         )

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant The Lincoln National Life Insurance Company's Motion to Dismiss Plaintiff's Claim for LTD Benefits or, in the alternative, Motion for Summary Judgment.  (Doc. # 6.)  Plaintiff Daniel Castleberry filed a response in opposition.  (Doc. # 11.)  After careful consideration of the arguments of counsel, the relevant law, and the record, the court finds that the motion to dismiss is due to be granted in part and denied in part and that the motion for summary judgment is due to be denied as moot.

**I.  JURISDICTION AND VENUE**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because Mr. Castleberry is seeking to enforce rights and recover benefits allegedly owed to him under a long-term disability policy governed by the

Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(1)(B).  Personal jurisdiction and venue are not contested.

## II.  STANDARD OF REVIEW

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a claim that is facially plausible, a "plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint must state "more than a sheer possibility that the defendant acted unlawfully." *Id.*

Normally, attaching outside materials to a motion to dismiss requires the court to convert the motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d). That rule, however, has an exception that is relevant here.  A court may consider a document that is attached to a Rule 12(b)(6) motion to dismiss without converting it into a summary judgment motion if the document is referenced in the complaint, if it is "central to the plaintiff's claim," and if its authenticity is undisputed.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  "'Undisputed'" in this context means that the authenticity of the document is not challenged." *Id.*

Attached to Lincoln's motion are: (1) the long-term disability policy; (2) Lincoln's letter, dated May 8, 2018, notifying Mr. Castleberry that it was ceasing his benefits beyond November 4, 2018; (3) Mr. Castleberry's letter, dated October 2, 2018, notifying Lincoln that it was appealing Lincoln's May 8, 2018 denial; and (4) Lincoln's letter, dated March 29, 2019, denying Mr. Castleberry's appeal. (Doc. # 6-1, at 2–68.) These documents are referenced in the complaint and are central to Mr. Castleberry's claims. Additionally, Mr. Castleberry does not dispute the authenticity of the documents, and has included (2) and (3), above, with his response to Lincoln's motion to dismiss. Accordingly, the court will consider these documents in ruling on Lincoln's motion to dismiss without converting the motion into one for summary judgment.[1]

### III. BACKGROUND

#### A. The Injury

On or about February 23, 2016, Plaintiff Daniel Castleberry suffered on-the-job injuries while working as a truck driver for Virginia Transportation. These injuries required him to undergo a cervical fusion on August 2, 2016. Mr. Castleberry tried unsuccessfully to return to work in September 2016. Mr. Castleberry underwent a functional capacity evaluation on October 24, 2016, which

---

[1] Mr. Castleberry submits additional exhibits with his response to Lincoln's motion. Those exhibits, while helpful for context and background, are not material for resolving the issue of administrative exhaustion.

indicated that he did not meet the strength or mobility requirements for his position as an automobile hauler.

## B.   The LTD Policy

The Lincoln National Life Insurance Company ("Lincoln") issued a group long term disability insurance policy—policy number 000010202236 ("LTD Policy")—to Mr. Castleberry's employer, Virginia Transportation, effective February 1, 2015.  (Doc. # 6-1, at 5–6.)  The LTD Policy required that prior to bringing suit for claims governed by ERISA, the "beneficiary must first seek two administrative reviews of the adverse claim decision."  (Doc. # 6-1, at 21.)  If the first review is denied, the LTD Policy requires the beneficiary to request a second review, here, within 180 days of receiving a denial letter for the first review.  (Doc. # 6-1, at 20; Doc. # 6-1, at 54.)

At the time Mr. Castleberry sustained his injuries, he had both a short-term policy and the LTD Policy through Virginia Transportation.  Colonial Life—the insurer for the short-term policy—awarded Mr. Castleberry benefits based on an annual salary of $129,000. (Doc. # 11.)  However, Lincoln—the insurer for the LTD Policy—based Mr. Castleberry's LTD Policy benefits on an annual salary of $71,604.80.[2]  (Doc. # 11-4, at 11.)  Mr. Castleberry represents in his brief that he

---

[2] Virginia Transportation allegedly supplied the salary figures to both insurers.  (*See, e.g.*, Doc. # 11-4, at 11.)

disputed this lower salary amount, and twice (on May 30, 2017, and October 2, 2018) requested information from Lincoln as to how it had determined the LTD Policy benefits.  (Doc. # 11, at 2.)  Lincoln responded on August 2, 2017, that Virginia Transportation had reported Mr. Castleberry's annual salary as $71,604.80.  (Doc. # 11-4, at 11–12.)

Lincoln paid Mr. Castleberry LTD Policy benefits of $3,580.24 per month for twenty-four months (the "Own Occupation Period").  (Doc. # 11-4, at 11.)  Mr. Castleberry informed Lincoln that, based on his annual income of $129,000, the monthly benefits should have been $5,000 (the maximum covered by the LTD Policy).  (Doc. # 11, at 5.)

On May 8, 2018, Lincoln denied Mr. Castleberry's claim for benefits past the first twenty-four months.  (Doc. # 6-1, at 50–55.)  Pursuant to the second tier of benefits—the "Any Gainful Occupation Period"—Lincoln again denied benefits on the ground that Mr. Castleberry could work full-time in sedentary work capacities. (Doc. # 6-1, at 53.)  Lincoln found that Mr. Castleberry could "perform[] work in other occupations, even if [he] c[ould] no longer perform [his] Own Occupation," and that, therefore, he "no longer [met] the definition of disability in this policy. . . ."  (Doc. # 6-1, at 54.)  Lincoln denied benefits beyond November 4, 2018.  (Doc. # 6-1, at 54.)

Mr. Castleberry, through his current counsel, appealed this decision by letter dated October 2, 2018.  (Doc. # 6-1, at 58.)  By letter dated March 29, 2019, which was addressed to Mr. Castleberry's counsel, Lincoln denied the appeal. (Doc. # 6-1, at 62–67.)  The denial letter set out Mr. Castleberry's appeal rights, explaining that he had exhausted his "first level of appeal" and that he had 180 days to pursue "a final administrative appeal."  (Doc. # 6-1, at 66.)  Neither the May 8, 2018 denial letter nor the March 29, 2019 denial letter addressed Mr. Castleberry's underpayment claim.  Mr. Castleberry did not seek further relief from Lincoln within 180 days.  Instead, on December 4, 2019—after the 180 days had expired—Mr. Castleberry filed this lawsuit.

During the pendency of the first administrative review of his claim, Mr. Castleberry applied for Social Security Disability benefits within the timeframe that the LTD Policy required and received a Fully Favorable decision on November 23, 2018.  (Doc. # 11-2.)  The Social Security Administrative Law Judge found that Mr. Castleberry was disabled, as defined by the Social Security Act, since July 31, 2016.  (Doc. # 11-2.)  On June 18, 2019, Lincoln claimed that it overpaid Mr. Castleberry's LTD benefits based on Mr. Castleberry's Social Security Disability award.  Mr. Castleberry alleges that the "proper amount" of repayment needs to be determined.  (Doc. # 1.)

C.    **Claims in This Lawsuit**

Although Mr. Castleberry's complaint is not a model of clarity, construed liberally, it lays out three ERISA claims pursuant to 29 U.S.C. § 1132(a)(1)(B): first, that Lincoln improperly calculated Mr. Castleberry's LTD benefits based on an annual income of $71,604.80, rather than an annual income of $129,000; second, that Lincoln wrongfully terminated his LTD benefits; and third, for clarification of Mr. Castleberry's rights pursuant to the ERISA plan as to Lincoln's claim for recovery of overpayments. (*See* Doc. # 6-1, at 22 (LTD Policy provision governing Lincoln's right of recovery of overpaid benefits due to "the Insured Employee's receipt of Other Income Benefits").)

## IV.  DISCUSSION

Lincoln moves to dismiss Mr. Castleberry's action, arguing that Mr. Castleberry failed to exhaust his administrative remedies before filing suit, as the LTD Policy and ERISA require. Mr. Castleberry has responded by urging this court to excuse exhaustion under the "futility doctrine." For the reasons discussed below, Mr. Castleberry has failed to exhaust his administrative remedies, and the court declines to apply the futility doctrine.

A.    **Scope of Lincoln's Motion**

It is important at the outset to point out what Lincoln has not addressed in its motion. As explained, in Part III.C., the complaint contains three claims under §

7

1132(a)(1)(B).[3] Lincoln's motion seeking dismissal for failure to exhaust addresses only Mr. Castleberry's claim that Lincoln wrongfully terminated his benefits under the LTD Policy. Lincoln's motion does not address Mr. Castleberry's claim that Lincoln underpaid benefits based on errors in how it calculated the LTD benefits. Nor does the motion address Mr. Castleberry's claim for clarification of the amount of repayment he owes Lincoln based upon his retroactive award of social security disability benefits for the period when he also was paid LTD benefits. Because Lincoln's motion does not address exhaustion as to two of the three claims, this action proceeds as to those claims.

## B.    Failure to Exhaust

Mr. Castleberry has failed to exhaust his administrative remedies on his claim that Lincoln wrongfully terminated his LTD benefits, as required the LTD Policy and ERISA.

ERISA imposes the following requirements for an internal claims procedure for every employee benefit plan:

> In accordance with regulations of the Secretary, every employee benefit plan shall – (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

---

[3] The court expresses no opinion on the merits of these claims.

29 U.S.C. § 1133. Therefore, if part or all of a claimant's benefit claim is denied, ERISA directs the policy administrator to provide the claimant adequate and understandable written reasons for the denial and to afford a "full and fair review" of such denial by an appropriate named fiduciary. § 1133(2).

Although ERISA does not contain an exhaustion requirement, the Eleventh Circuit has adopted the prerequisite of exhaustion of administrative remedies before a plaintiff can bring suit under ERISA. *See, e.g.*, *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) ("'The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court.'") (quoting *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997)). Because exhaustion promotes significant policies, the Eleventh Circuit "strictly enforce[s] an exhaustion requirement on plaintiffs bringing ERISA claims." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000).

The LTD Policy requires that Mr. Castleberry pursue two administrative reviews of Lincoln's claim determination before filing suit. (Doc. # 6-1, at 20.) Mr. Castleberry appealed Lincoln's "denial of his disability benefits" in his letter dated October 2, 2018. (Doc. # 6-1, at 58.) Lincoln denied the appeal by letter dated March 29, 2019. Mr. Castleberry did not submit a second appeal as the LTD Policy

requires, and since more than 180 days passed prior to Mr. Castleberry filing suit, it is temporally impossible for him to do so now.

Because the LTD Policy required Mr. Castleberry to submit two appeals, and he did not (and cannot now timely) do so, Mr. Castleberry failed to exhaust his administrative remedies pursuant to 29 U.S.C. § 1133.

## C.    The Futility Doctrine

Mr. Castleberry cursorily argues that under the conditions in Lincoln's claim process, any second administrative appeal would have been futile.  (Doc. # 11, at 4–5.)

ERISA claimants are excused from exhausting their administrative remedies "only in exceptional circumstances," *Perrino*, 209 F.3d at 1315, such as "when resort to the administrative remedies would be futile, or the remedy inadequate."  *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997).  However, the Eleventh Circuit applies the futility doctrine almost exclusively when an insured plaintiff is injured and found medically able to perform the duties of his or her "own occupation" (or equivalent language), and then is required to appeal the claims-denial decision based on an ostensible inability to perform the essential duties of "any occupation."  *See, e.g.*, *id.*; *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1200–01 (11th Cir. 2007).

*Dozier v. Sun Life Assurance Co. of Canada*, upon which Mr. Castleberry relies, illustrates the foregoing application of the futility doctrine.   Dozier was injured on the job and could no longer work; he had both a long-term disability insurance policy and a life insurance policy through Sun Life.   *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 533–34 (6th Cir. 2006).   The life insurance policy included waiver-of-premium benefits for a disabled employee.   *Id.* at 534. After Sun Life denied benefits under both policies in separate letters, Dozier sought administrative review of the denial of his long-term-disability benefits, which Sun Life denied.   *Id.*   Per his policy, Dozier had 180 days to appeal either the long-term-disability or the waiver-of-premium decisions.   *Id.* at 534. Dozier appealed his long-term-disability claim.   *Id.*   Sun Life denied his claim—claiming that Dozier "could still perform the material and substantial duties of *his own* occupation"—at which time Dozier still had thirty-two days to seek administrative review of the waiver-of-premium claim.   *Id.* (emphasis added).

Dozier sued Sun Life seeking both benefits, and the district court ruled that Sun Life had mistakenly denied Dozier's long-term disability benefits.   *Id.*   Dozier then asked Sun Life to review his waiver-of-benefit claim, which Sun Life refused to do, as the 180-day window had then expired.   *Id.*

After suing for the waiver-of-premium claim, acknowledging that he did not exhaust the administrative remedies available on his claim, Dozier argued that any

administrative appeal would have been futile given that Sun Life had denied his long-term-disability appeal. *Id.* Dozier argued that while application of the administrative exhaustion requirement in an ERISA action is committed to the sound discretion of the district court, that discretion must be exercised to excuse non-exhaustion where resorting to the plan's administrative procedure would simply be futile. *Id.* (citing *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998)).

The Sixth Circuit noted that it applies the futility doctrine in two scenarios: (1) when the plaintiff's suit is directed to the legality of the plan, not to a mere interpretation of it, and (2) when the defendant lacks the authority to institute the decision sought by plaintiffs. *Id.* at 535. To meet the "quite restricted" standard for establishing administrative futility, plaintiffs are required to make a "clear and positive indication" that further administrative review would have been for naught. *Id.* (citing *Fallick*, 162 F.3d at 419). The Sixth Circuit reasoned that the "clear and positive indication" was Sun Life's denial of Dozier's long-term disability claim based on Sun Life's determination that Dozier was able to perform "the material and substantial duties of *his own* occupation," which precluded Dozier from arguing on appeal for the waiver-of-premium claim that he was unable to perform the material and substantial duties of *any* occupation (*i.e.*, if Sun Life determined that he could still perform his job, Dozier could not then persuade Sun Life that he could not

perform *any* job).  *Id.*  The Sixth Circuit therefore held that any attempt to appeal Sun Life's denial of the waiver-of-premium benefit would have been futile, and reversed and remanded the lower court's decision.  *Id.* at 537.

The Eleventh Circuit has cited favorably the "clear and positive" standard. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) ("[B]are allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement." (citations omitted)).

In the present case, while submitting an appeal to Lincoln asking it to reverse its own judgment in an appeal for denial of benefits may seem to be nothing more than essentially asking, "Are you sure?," Mr. Castleberry has not made a clear and positive indication that further administrative review would be for naught.  Mr. Castleberry's response to Lincoln's motion nakedly asserts that "[u]nder the conditions created by Lincoln in the claim process, any second administrative appeal would have been 'futile.'"  (Doc. # 11, at 5.)

Furthermore, *Dozier* (which is not binding on Eleventh Circuit courts) is distinguishable.  In *Dozier*, the Sixth Circuit applied the futility doctrine to a separate benefit to the one for which Dozier's appeal was denied, for which the inclusion of the first benefit was essentially required (Sun Life would not waive the premium claim if it was denying the underlying disability benefits).  Here, Mr. Castleberry asks the court to apply the futility doctrine to the same benefit that Lincoln

13

previously denied.  Lincoln did not deny Mr. Castleberry any *de facto* prerequisite benefit to those he brings before the court, so any factual analogy to the waiver-of-premium benefits in *Dozier* is misplaced.

For these reasons, Mr. Castleberry has failed to make a clear and positive indication that a second appeal would have been futile, and therefore does not enjoy the protection of the futility doctrine.  Dismissal will be with prejudice.  *See Garrison v. Lincoln Nat'l Life Ins. Co.*, 294 F. Supp. 3d 1281, 1296, n.15 (N.D. Ala. 2018).

## V.  CONCLUSION

As to his ERISA claim alleging wrongful termination of benefits, Mr. Castleberry failed to exhaust his administrative remedies pursuant to the LTD Policy and ERISA, and he has not demonstrated exceptional circumstances to excuse the circuit's strict exhaustion requirement.  The 180-day period to submit a second appeal has expired (making it impossible for Mr. Castleberry to now exhaust his administrative remedies before filing suit again).  Accordingly, Lincoln's motion to dismiss is due to be granted as to Mr. Castleberry's ERISA claim alleging wrongful termination of benefits pursuant to the LTD Policy.  Because Lincoln's motion does not address Mr. Castleberry's claim for adjusted underpaid benefits, nor Lincoln's claim for overpayment of benefits vis-à-vis Mr. Castleberry's social security disability recovery, these issues remain in contention.

Accordingly, it is ORDERED that Defendant Lincoln National Life Insurance Company's motion to dismiss (Doc. # 6) is GRANTED with prejudice as to Plaintiff Daniel Castleberry's claim alleging wrongful termination of benefits under the LTD Policy.  Furthermore, to the extent the motion addresses them, the motion to dismiss (Doc. # 6) is DENIED as to Mr. Castleberry's claims for underpaid benefits, and for clarification of his rights pursuant to the ERISA plan vis-à-vis Lincoln's claim for recovery of overpayments.  Lincoln's alternative motion for summary judgment (Doc. # 6) is DENIED as moot.

DONE this 30th day of September, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE